**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------x
FRANCIS MANIGAULT,             :
                               :
        Petitioner,            :
                               :
    v.                         :    Civ. No. 3:16CV1590(AWT)
                               :
UNITED STATES OF AMERICA,      :
                               :
        Respondent.            :
-------------------------------x
```

## ORDER RE MOTION PURSUANT TO 28 U.S.C. § 2255

For the reasons set forth below, the petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is being denied.

The petitioner argues that he is entitled to relief because his 18 U.S.C. § 924(c) conviction was predicated on 18 U.S.C. § 1951 Hobbs Act robberies which do not qualify as crimes of violence under Johnson v. United States, 135 S. Ct. 2551 (2015). United States v. Hill, 890 F.3d 51 (2d Cir. 2018), which was issued after the Supreme Court's decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), holds that a substantive Hobbs Act robbery is a categorical crime of violence under 18 U.S.C. § 924(c)(3)(A). See Hill, 890 F.3d at 53, 58. While the petitioner takes issue with the reasoning in Hill, it is dispositive of his claim.

Accordingly, the petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (ECF No. 1) is hereby DENIED. The court will not issue a certificate of appealability

because the petitioner has not made a substantial showing of the denial of a constitutional right.  See 28 U.S.C. § 2253(c)(2).

The Clerk shall close this case.

It is so ordered.

Dated this 18th day of April, 2019 at Hartford, Connecticut.

                                                    /s/AWT
                                     Alvin W. Thompson
                              United States District Judge